**Antonio LEDERA–CABANAS,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 13–3349.

United States Court of Appeals,
Sixth Circuit.

Nov. 25, 2013.

Joshua E. Bardavid, Esq., New York, NY, for Petitioner.

Thomas W. Hussey, Esq., Justin R. Markel, Esq., United States Department of Justice, Washington, DC, for Respondent.

BEFORE: MOORE and GRIFFIN, Circuit Judges; KORMAN, District Judge.*

PER CURIAM.

Antonio Ledera–Cabanas petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his motion to suppress certain evidence.

Ledera–Cabanas is a native and citizen of Mexico. He entered the United States in 1999. In 2009, the Department of Homeland Security initiated removal proceedings against him. Ledera–Cabanas moved to suppress evidence of his alienage on several grounds, including violations of the Fourth and Fifth Amendments and regulatory violations. The IJ denied the motion without a hearing, and the BIA affirmed the IJ's decision.

On appeal, Ledera–Cabanas argues that he was improperly denied a suppression hearing for the following reasons: (1) he made a prima facie showing that officers of the Metro Nashville Police Department violated his Fourth Amendment rights by beating him during his arrest; (2) the statements concerning his alienage in the I–213 form were unreliable and coerced; and (3) the arresting officer took his statement, in violation of 8 C.F.R. § 287.3.

Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic–Lee v. Mukasey,* 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions *de novo* and factual findings for substantial evidence. *Khozhaynova v. Holder,* 641 F.3d 187, 191 (6th Cir.2011). Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.*

The BIA properly affirmed the IJ's determination that Ledera–Cabanas failed to make a prima facie case for suppression based on a Fourth Amendment violation, *see Matter of Barcenas,* 19 I. & N. Dec. 609, 611 (BIA 1988), because Ledera–Cabanas's statements concerning his alienage were sufficiently attenuated from the allegedly improper arrest such that any taint had dissipated. *See United States v. Gross,* 662 F.3d 393, 401 (6th Cir.2011). The statements were made nearly two weeks after Ledera–Cabanas's arrest, and he was interviewed by a deputy of the Davidson County Sheriff's Office who was not involved in his arrest, rather than by a member of the Metro Nashville Police Department.

The BIA also properly affirmed the IJ's rejection of Ledera–Cabanas's remaining claims. Ledera–Cabanas's statements concerning his alienage were not rendered unreliable by the conclusion in the I–213 form that he was in "good health," and his affidavit failed to set forth facts demonstrating that his statements were coerced. *See Barcenas,* 19 I. & N. Dec. at 611. Additionally, despite Ledera–Cabanas's argument to the contrary, the officer who took his statement was not involved in his arrest.

---

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Finally, in any case, suppressing Ledera–Cabanas's statements would not have affected the outcome of his proceedings, given that the government presented admissible Border Patrol records from 1999 establishing Ledera–Cabanas's alienage. *See INS v. Lopez–Mendoza*, 468 U.S. 1032, 1043, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984).

Accordingly, we deny the petition for review.

BEFORE: MOORE and GRIFFIN, Circuit Judges; KORMAN, District Judge.*

---

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.